DANIEL G. BOGDEN
United States Attorney
PHILLIP N. SMITH, JR.
Assistant United States Attorney
Lloyd D. George United States Courthouse
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
(702) 388-6336/Fax: (702) 388- 6020



# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA
-oOo-

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | 2:14-cr- 364 · JAD · GWF |
| Plaintiff, | ) | |
| vs. | ) | **PLEA AGREEMENT UNDER** |
| CLIFFORD JAMES SCHUETT, | ) | **FED. R. CRIM. P. 11 (c)(1)(A) and (B)** |
| Defendant. | ) | |

Plaintiff United States of America, by and through DANIEL G. BOGDEN, United States Attorney; Phillip N. Smith, Jr., Assistant United States Attorney; the Defendant CLIFFORD JAMES SCHUETT; and the Defendant's attorney, Rebecca A. Levy, Assistant Federal Public Defender, submit this Plea Agreement under Fed. R. Crim. P. 11(c)(1)(A) and (B).

**I.   SCOPE OF AGREEMENT**

The parties to this Plea Agreement are the United States of America and CLIFFORD JAMES SCHUETT (the Defendant).  This Plea Agreement binds the Defendant and the United States Attorney's Office for the District of Nevada.  It does not bind any other prosecuting, administrative, or regulatory authority, the United States Probation Office, or the Court.

The Plea Agreement sets forth the parties' agreement regarding the criminal charge referenced in the Plea Agreement and the applicable sentence, fine, and restitution. It does not control or prohibit the United States or any agency or third party from seeking any other civil or administrative remedies directly or indirectly against the Defendant.

## II. DISPOSITION OF CHARGES AND WAIVER OF TRIAL RIGHTS

A. <u>Guilty Plea</u>. The Defendant knowingly and voluntarily agrees to plead guilty to a Criminal Information charging the Defendant with the following offense:

Threat to Kill or Cause Damage by Explosive, in violation of 18 U.S.C. § 844(e).

B. <u>Waiver of Trial Rights</u>. The Defendant acknowledges that he has been advised and understands that by entering a plea of guilty he is waiving -- that is, giving up -- certain rights guaranteed to all defendants by the laws and the Constitution of the United States. Specifically, the Defendant is giving up:

1. The right to proceed to trial by jury on all charges, or to a trial by a judge if the Defendant and the United States both agree;

2. The right to confront the witnesses against the Defendant at such a trial, and to cross-examine them;

3. The right to remain silent at such a trial, with assurance that his silence could not be used against him in any way;

4. The right to testify in his own defense at such a trial if he so chooses;

5. The right to compel witnesses to appear at such a trial and testify in the Defendant's behalf;

6. The right to have the assistance of an attorney at all stages of such proceedings; and

7. The right to be indicted by a grand jury.

C. <u>Withdrawal of Guilty Plea</u>. The Defendant will not seek to withdraw his guilty plea after he has entered it in court.

D. <u>Additional Charges</u>. The United States agrees not to bring any additional charges against the Defendant arising out of the investigation in the District of Nevada that culminated in this Plea Agreement and based on conduct known to the United States except that the United States reserves the right to prosecute the Defendant for any crime of violence as defined by 18 U.S.C. § 16.

## III. ELEMENTS OF THE OFFENSE

The elements of Threat to Kill or Cause Damage by Explosive, in violation of 18 U.S.C. § 844(e) are:

1. The defendant made, or caused to be made, a threat, or maliciously conveyed false information, to kill, injure or intimidate any individual or to unlawfully damage or destroy a building, vehicle or personal property by means of fire or an explosive as charged;

2. That the defendant affected interstate commerce; and

3. That the defendant acted knowingly and willfully.

See 18 U.S.C. § 844(e).

## IV. FACTS SUPPORTING GUILTY PLEA

A. The Defendant will plead guilty because he is, in fact and under the law, guilty of the crime charged.

B. The Defendant acknowledges that if he elected to go to trial instead of pleading guilty, the United States could prove his guilt beyond a reasonable doubt. The Defendant further acknowledges that his admissions and declarations of fact set forth below satisfy every element of the charged offense.

C. The Defendant waives any potential future claim that the facts he admitted in this

Plea Agreement were insufficient to satisfy the elements of the charged offense.

D. The Defendant admits and declares under penalty of perjury that the facts set forth below are true and correct:

The Lloyd D. George United States Courthouse, which houses, *inter alia*, the United States District Court for the District of Nevada – Las Vegas, is located at 333 Las Vegas Blvd. South in Las Vegas, Nevada. The building houses various federal judges, to include but not limited to, "R.H." and "J.M." The building also houses the United States Attorney's Office, the United States Marshals Service, the Congressional Offices, and various other offices and support staff. The building also contains a cafeteria that receives and serves food products and various other items. The Lloyd D. George United States Courthouse receives and consumes goods that are shipped from outside the state of Nevada, and it is therefore a building that is in and affects interstate commerce.

On June 3, 2014, **CLIFFORD JAMES SCHUETT** entered the United States Immigration and Customs Enforcement ("ICE") field office located at 3373 Pepper Lane, Las Vegas, Nevada 89120. **SCHUETT** stated that he had placed explosives within the Lloyd D. George United States Courthouse. **SCHUETT** identified "J.M." and "R.H.," two United States District Judges within the courthouse, as the targets of the explosives. **SCHUETT** added that the explosives were under their desks. ICE Agents detained **SCHUETT** and notified personnel at the Lloyd D. George United States Courthouse. The United States Marshals Service set up a containment perimeter and all areas of concern were cleared of any threats. No explosives were located.

Las Vegas Metropolitan Police Department ("LVMPD") Detective M. Smith responded to the ICE filed office to interview **SCHUETT**. **SCHUETT** was advised of his <u>Miranda</u> rights and agreed to talk to Detective Smith without a lawyer present. During a post-<u>Miranda</u> interview, **SCHUETT** made the following statements:

. . .

. . .

    a)     "I am threatening to blow up two federal judges."

    b)     "I want to blow up [R.H.] because he sent me to prison. [J.M.] turned down my court case."

    c)     "I placed two bombs in their [R.H. and J.M.] courtrooms which will explode at noon tomorrow."

    d)     "If I get out of County Jail, I will shoot a federal judge. I'll go after [R.H.] first."

**SCHUETT** was previously indicted on March 10, 2010, for one count of Threat to Kill or Cause Damage by Explosive in violation of Title 18, United States Code, Section 844(e), in case number 2:10-cr-00118-RLH-RJJ. On April 8, 2010, **SCHUETT** plead guilty to the single-count Indictment. On May 14, 2010, **SCHUETT** was sentenced (by R.H.) to 42 months in custody followed by 36 months of supervised release.

All of the foregoing occurred in the State and Federal District of Nevada.

## V. COLLATERAL USE OF FACTUAL ADMISSIONS

The facts set forth in Section IV of this Plea Agreement shall be admissible against the Defendant under Fed. R. Evid. 801(d)(2)(A) at sentencing for any purpose. If the Defendant does not plead guilty or withdraws his guilty plea, the facts set forth in Section IV of this Plea Agreement shall be admissible at any proceeding, including a trial, for impeaching or rebutting any evidence, argument or representation offered by or on the Defendant's behalf. The Defendant expressly waives all rights under Fed. R. Crim. P. 11(f) and Fed. R. Evid. 410 regarding the use of the facts set forth in Section IV of this Plea Agreement.

## VI. APPLICATION OF SENTENCING GUIDELINES PROVISIONS

A.    <u>Discretionary Nature of Sentencing Guidelines</u>. The Defendant acknowledges that

the Court must consider the United States Sentencing Guidelines ("USSG" or "Sentencing Guidelines") in determining the Defendant's sentence, but that the Sentencing Guidelines are advisory, not mandatory, and the Court has discretion to impose any reasonable sentence up to the maximum term of imprisonment permitted by statute.

  B. <u>Offense Level Calculations</u>.  The parties stipulate to the following calculation of the Defendant's offense level under the Sentencing Guidelines, acknowledge that these stipulations do not bind the Court, and agree that they will not seek to apply any other specific offense characteristics, enhancements or reductions:

    1. [Threat to Kill or Cause Damage by Explosive]

```
    Base Offense Level [USSG § 2A6.1(a)(1)]:                    12
    Enhancements:
        [More than Two Threats / USSG § 2A6.1(b)(2)(A)]:        +2
        [Disruption of Gov't Services / USSG § 2A6.1(b)(4)(A)]: +4

    Reductions:
        [Acceptance of Responsibility / USSG § 3E1.1(a)]:       -2
        [Timeliness of Plea / USSG § 3E1.1(b)]:                 -1
```

  **C.** **The Defendant understands that the Defendant's base offense level could be increased if the Defendant qualifies as a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. In the event that the Defendant's offense level is so altered, the parties are not bound by the base offense level stipulated to above.**

  D. <u>Reduction of Offense Level for Acceptance of Responsibility</u>.  Under USSG §3E1.1(a), the United States will recommend that the Defendant receive a two-level downward adjustment for acceptance of responsibility unless he (a) fails to truthfully admit facts establishing a factual basis for the guilty plea when he enters the plea; (b) fails to truthfully admit facts establishing the amount of restitution owed when he enters his guilty plea; (c) fails to truthfully admit facts establishing the forfeiture allegations when he enters his guilty plea; (d) provides false or misleading

6

information to the United States, the Court, Pretrial Services, or the Probation Office; (e) denies involvement in the offense or provides conflicting statements regarding his involvement or falsely denies or frivolously contests conduct relevant to the offense; (f) attempts to withdraw his guilty plea; (g) commits or attempts to commit any crime; (h) fails to appear in court; or (i) violates the conditions of pretrial release.

Under USSG § 3E1.1(b), if the Court determines that the Defendant's total offense level, before operation of § 3E1.1(a), is 16 or higher, the United States will move for an additional one-level downward adjustment for acceptance of responsibility before sentencing because the Defendant communicated his decision to plead guilty in a timely manner that enabled the United States to avoid preparing for trial and to efficiently allocate its resources.

These Sentencing Guidelines provisions, if applied, will result in a total offense level of 15.

E. <u>Criminal History Category</u>. The Defendant acknowledges that the Court may base his sentence in part on the Defendant's criminal record or criminal history. The Court will determine the Defendant's Criminal History Category under the Sentencing Guidelines.

F. <u>Relevant Conduct</u>. The Court may consider any counts dismissed under this Plea Agreement and all other relevant conduct, whether charged or uncharged, in determining the applicable Sentencing Guidelines range and whether to depart from that range.

G. <u>Additional Sentencing Information</u>. The stipulated Sentencing Guidelines calculations are based on information now known to the parties. The parties may provide additional information to the United States Probation Office and the Court regarding the nature, scope, and extent of the Defendant's criminal conduct and any aggravating or mitigating facts or circumstances.

Good faith efforts to provide truthful information or to correct factual misstatements shall not be grounds for the Defendant to withdraw his guilty plea.

The Defendant acknowledges that the United States Probation Office may calculate the

Sentencing Guidelines differently and may rely on additional information it obtains through its investigation. The Defendant also acknowledges that the Court may rely on this and other additional information as it calculates the Sentencing Guidelines range and makes other sentencing determinations, and the Court's reliance on such information shall not be grounds for the Defendant to withdraw his guilty plea.

### VII. APPLICATION OF SENTENCING STATUTES

A. <u>Maximum Penalty</u>. The maximum penalty for Threat to Kill or Cause Damage by Explosive under 18 U.S.C. § 844(e) is a 10-year prison sentence, a fine of not more than two-hundred fifty thousand dollars ($250,000), or both.

B. <u>Factors Under 18 U.S.C. § 3553</u>. The Court must consider the factors set forth in 18 U.S.C. § 3553(a) in determining the Defendant's sentence. However, the statutory maximum sentence limits the Court's discretion in determining the Defendant's sentence.

C. <u>Parole Abolished</u>. The Defendant acknowledges that his prison sentence cannot be shortened by early release on parole because parole has been abolished.

D. <u>Supervised Release</u>. In addition to imprisonment and a fine, the Defendant will be subject to a term of supervised release not to exceed 3 years. 18 U.S.C. §§ 3559(a)(3) and 3583(b)(2). Supervised release is a period of time after release from prison during which the Defendant will be subject to various restrictions and requirements. If the Defendant violates any condition of supervised release, the Court may order the Defendant's return to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum prison sentence of 10 years.

E. <u>Special Assessment</u>. The Defendant will pay a $100.00 special assessment per count of conviction at the time of sentencing.

. . .

## VIII. POSITIONS REGARDING SENTENCE

**The Government may ask for an upward adjustment pursuant to 18 U.S.C. § 3553 or USSG § 4A1.3(b)(1) from any sentence the Court may impose.** This Plea Agreement does not require the United States to file any pre- or post-sentence downward departure motion under USSG § 5K1.1 or Fed. R. Crim. P. 35. The United States reserves its right to defend any lawfully imposed sentence on appeal or in any post-conviction litigation.

The Defendant will not seek a downward adjustment pursuant to 18 U.S.C. § 3553 or USSG § 4A1.3(b)(1) from any sentence the Court may impose.

## IX. FINANCIAL INFORMATION AND DISPOSITION OF ASSETS

Before or after sentencing, upon request by the Court, the United States, or the Probation Office, the Defendant will provide accurate and complete financial information, submit sworn statements, and/or give depositions under oath concerning his assets and his ability to pay. The Defendant will surrender assets he obtained directly or indirectly as a result of his crimes, and will release funds and property under his control in order to pay any fine, forfeiture, or restitution ordered by the Court.

## X. THE DEFENDANT'S ACKNOWLEDGMENTS AND WAIVERS

A. <u>Plea Agreement and Decision to Plead Guilty</u>. The Defendant acknowledges that:

(1) He has read this Plea Agreement and understands its terms and conditions;

(2) He has had adequate time to discuss this case, the evidence, and this Plea Agreement with his attorney;

(3) He has discussed the terms of this Plea Agreement with his attorney;

(4) The representations contained in this Plea Agreement are true and correct, including the facts set forth in Section IV; and

(5) He was not under the influence of any alcohol, drug, or medicine that would

impair his ability to understand the Agreement when he considered signing this Plea Agreement and when he signed it.

The Defendant understands that he alone decides whether to plead guilty or go to trial, and acknowledges that he has decided to enter his guilty plea knowing of the charges brought against him, his possible defenses, and the benefits and possible detriments of proceeding to trial. The Defendant also acknowledges that he decided to plead guilty voluntarily and that no one coerced or threatened him to enter into this Plea Agreement.

B. <u>Waiver of Appeal and Post-Conviction Proceedings</u>. The Defendant knowingly and expressly waives: (a) the right to appeal any sentence imposed within or below the applicable Sentencing Guideline range as determined by the Court; (b) the right to appeal the manner in which the Court determined that sentence on the grounds set forth in 18 U.S.C. § 3742; and (c) the right to appeal any other aspect of the conviction or sentence and any order of restitution or forfeiture.

The Defendant also knowingly and expressly waives all collateral challenges, including any claims under 28 U.S.C. § 2255, to his conviction, sentence, and the procedure by which the Court adjudicated guilt and imposed sentence, except non-waivable claims of ineffective assistance of counsel.

The Defendant reserves only the right to appeal any portion of the sentence that is an upward departure or an upward variance from the Sentencing Guidelines range determined by the Court.

The Defendant acknowledges that the United States is not obligated or required to preserve any evidence obtained in the investigation of this case.

C. <u>Removal / Deportation Consequences</u>. The Defendant understands and acknowledges that if he is not a United States citizen, then it is highly probable that he will be permanently removed (deported) from the United States as a consequence of pleading guilty under the terms of this Plea Agreement. The Defendant has also been advised if his conviction is for an offense

described in 8 U.S.C. § 1101(a)(43), he will be deported and removed from the United States and will not be allowed to return to the United States at any time in the future. The Defendant desires to plead guilty regardless of any immigration consequences that may result from his guilty plea, even if the consequence is automatic removal from the United States with no possibility of returning. The Defendant acknowledges that he has specifically discussed these removal / deportation consequences with his attorney.

XI.   **ADDITIONAL ACKNOWLEDGMENTS**

This Plea Agreement resulted from an arms-length negotiation in which both parties bargained for and received valuable benefits in exchange for valuable concessions. It constitutes the entire agreement negotiated and agreed to by the parties. No promises, agreements or conditions other than those set forth in this agreement have been made or implied by the Defendant, the Defendant's attorney, or the United States, and no additional promises, agreements or conditions shall have any force or effect unless set forth in writing and signed by all parties or confirmed on the record before the Court.

DANIEL G. BOGDEN,
United States Attorney

DATE_____

_____
PHILLIP N. SMITH, JR.
Assistant United States Attorney

DATE 11/4/14

_____
REBECCA A. LEVY, AFPD
Counsel for the Defendant

DATE 11/4/14

_____
CLIFFORD JAMES SCHUETT
Defendant