2:14-cr-364-JAD-GWF - February 17, 2015

1           UNITED STATES DISTRICT COURT
2                DISTRICT OF NEVADA
3
4  UNITED STATES OF AMERICA,      ) Case No. 2:14-cr-364-JAD-GWF
                                  )
5             Plaintiff,          ) Las Vegas, Nevada
                                  ) February 17, 2015
6       vs.                       ) 9:10 a.m.
                                  )
7  CLIFFORD JAMES SCHUETT,        ) IMPOSITION OF SENTENCE
                                  )
8             Defendant.          ) **CERTIFIED COPY**
                                  )
9
10            REPORTER'S TRANSCRIPT OF PROCEEDINGS
11        BEFORE THE HONORABLE JENNIFER A. DORSEY,
                UNITED STATES DISTRICT JUDGE
12
13
14 APPEARANCES:
15 For the Plaintiff:    PHILLIP N. SMITH, JR., AUSA
                         United States Attorney's Office
16                       333 Las Vegas Boulevard South, Suite 5000
                         Las Vegas, Nevada 89101
17                       (702) 388-6336
18 For the Defendant:    REBECCA LEVY, AFPD
                         Federal Public Defender's Office
19                       411 East Bonneville Avenue, Suite 250
                         Las Vegas, Nevada 89101
20                       (702) 388-6577
21 Probation Officer:    Tiffany Elwess
22 Court Reporter:       Felicia Rene Zabin, FCRR, RPR, CCR 478
                         United States District Court
23                       333 Las Vegas Boulevard South, Room 1334
                         Las Vegas, Nevada  89101
24
   Proceedings reported by machine shorthand, transcript produced by
25 computer-aided transcription.

1      LAS VEGAS, NEVADA; TUESDAY, FEBRUARY 17, 2015; 9:10 A.M.
2                              --oOo--
3                          P R O C E E D I N G S
4          COURTROOM ADMINISTRATOR:  All rise.
5          THE COURT:  Good morning, everyone.  Please have a seat.
6          COURTROOM ADMINISTRATOR:  Case No. 2:14-cr-364-JAD-GWF,
7  United States of America versus Clifford James Schuett.  This is
8  the date and time set for the imposition of sentence.
9          Counsel, if you would state appearances, please.
10         MR. SMITH:  Good morning, Your Honor.  Phillip Smith
11 appearing for the United States.
12         THE COURT:  Good morning, Mr. Smith.
13         MS. LEVY:  Good morning, Your Honor.  Rebecca Levy for
14 the defendant.  He's present and in custody.
15         THE COURT:  Good morning.
16         All right.  I have for you a Motion for Status
17 Conference.  I was in trial last week, so we simply didn't have
18 time to schedule this prior to today's sentencing hearing.  I
19 understand from your filing we are not ready to proceed with
20 sentencing.  Would that be a fair assessment?
21         MS. LEVY:  That's correct, Your Honor.
22         THE COURT:  All right.
23         What's goin' on?  I've received a number of additional
24 pro se filings from Mr. Schuett despite the fact that we have
25 talked numerous times and I've issued numerous orders explaining

1  that because, Mr. Schuett, you are represented by counsel you
2  cannot file your own briefs with the court.  They have to come
3  through counsel.  And the court does not accept requests for
4  action by letter, though I've seen a number of those as well.
5          Mr. Schuett, I also see that you've refiled a number of
6  motions, such as a Motion to Withdraw Your Plea.  Again, I've
7  denied that previously.  It's the same arguments I saw last time.
8  We had an hour and a half plea hearing last time.  And I'm
9  confident in the position that I've taken previously with respect
10 to your request to withdraw plea.
11         Ms. Levy, what should we do here?
12         MS. LEVY:  My client is now requesting to be interviewed
13 by the Probation Department for the probation report.  And I felt
14 it was important that I raise that issue and let the Court
15 determine what the best outcome on that is.  If the Court is to
16 decide that Mr. Schuett should have the opportunity to interview
17 with Probation, we certainly can do that at the Probation
18 Department's convenience.  I'll make myself available.  But I felt
19 compelled to raise that issue with the Court.
20         THE COURT:  All right.
21    (Attorney-client discussion.)
22         THE COURT:  When I took the plea, Mr. Schuett's concern
23 was that he wanted to expedite the sentencing and now --
24         THE DEFENDANT:  Uh, yeah.
25         THE COURT:  -- I'm getting requests to postpone the

1  sentencing, which seems very contradictory.  I'm trying to
2  understand what's going on with that --
3         (Attorney-client discussion.)
4              THE COURT:  -- that doesn't seem to make sense to me.
5              THE DEFENDANT:  Can I talk?
6              THE COURT:  Mr. Schuett.
7              THE DEFENDANT:  Okay.  This PSI, I understand, was a
8  thing.  But I thought I was gonna talk to the parole officer or
9  probation officer or whatever it is even on an expedited thing.  A
10 lotta information missing from this report.
11             THE COURT:  Okay.
12             THE DEFENDANT:  I'm gonna have to go to BOP with this
13 report and they're gonna use this for programming things and
14 there's a lot of information that's not in here.
15             THE COURT:  Okay.
16             THE DEFENDANT:  And the point level's kinda messed up.  I
17 mean, I agreed to this Plea Agreement; it has a 15-point level or
18 somethin'.  Probation wants 21.  That's not part of the Plea
19 Agreement.
20             THE COURT:  Well, the Plea Agreement does have a
21 stipulated level.  But that's -- as you know, that's not
22 binding --
23             THE DEFENDANT:  No.
24             THE COURT:  -- on me and it does say that Probation might
25 come up with a different number.  And we talked about that during

―――――2:14-cr-364-JAD-GWF - February 17, 2015―――――

1  the plea --

2          THE DEFENDANT:  Yeah.

3          THE COURT:  -- hearing.  I don't know where it ends up.

4  I haven't seen the PSR.  I don't know what's going on --

5          THE DEFENDANT:  And --

6          THE COURT:  -- with that.  So --

7          THE DEFENDANT:  -- part of the stuff I also am like -- I

8  know the Court really didn't want to hear about my medical issues

9  and stuff.  But I am set up to see a doctor here.  I'd rather just

10 stay in the Las Vegas area for the time being.  I mean, I'm gonna

11 go to prison and that's gonna happen.  But I'd rather do it, you

12 know, kinda like on a peaceful level and take some decent

13 paperwork with me so I can program.

14         THE COURT:  All right.  All right.

15         THE DEFENDANT:  Um...

16         THE COURT:  So you have -- you've got some doctor

17 appointments set up?

18         THE DEFENDANT:  Yes.

19         THE COURT:  They're coming --

20         THE DEFENDANT:  Yes, ma'am.

21         THE COURT:  Soon?

22         THE DEFENDANT:  I don't know.  They won't tell me.

23         THE COURT:  They won't tell you.

24         THE DEFENDANT:  That's security.

25         THE COURT:  Okay.

FELICIA R. ZABIN, FCRR, RPR, CCR 478    (702) 676-1087

1            THE DEFENDANT:  Um...
2            THE COURT:  All right.  So we've got some doctor
3    appointments scheduled.
4            THE DEFENDANT:  Right.
5            THE COURT:  That's great.  I'm glad to hear that.
6            THE DEFENDANT:  And, um --
7            THE COURT:  So essentially what you're telling me now is
8    despite the fact that there was a waiver of the PSR interview
9    process you believe that you would prefer at this point to
10   interview with Probation and you can have input, then, into the
11   PSR.  Is that what you're telling --
12           THE DEFENDANT:  Yes, ma'am.
13           THE COURT:  -- me?
14           THE DEFENDANT:  I think that would be beneficial.
15           THE COURT:  Okay.
16           THE DEFENDANT:  Also, I've got -- I have a couple of
17   motions pending in the Ninth Circuit which I would rather see if I
18   can get those run through before I get sentenced.
19           THE COURT:  All right.
20           Let me ask Probation:  How -- or Pretrial -- how long do
21   we think -- or maybe can -- would you know how long it would take
22   to -- before he could be interviewed that input could be
23   incorporated into the PSR?
24           MS. ELWESS:  Your Honor, I would have to look at my
25   schedule to see the availability to arrange the video conference

1  in conjunction with defense counsel's availability.  And, once the
2  interview's completed, I can incorporate the additional social
3  history provided by the defendant as quickly as possible.  So
4  I'm at your availability.  So whatever the Court would like to
5  continue the hearing to I will be available to accommodate that.
6          THE COURT:  Okay.
7          Ms. Levy, do you have a thought on how long of a
8  continuance the defense is requesting?
9          MS. LEVY:  Well, Mr. Schuett, has indicated to me
10 recently, including just now, that he actually wants to push the
11 hearing out.  He's not in a rush as he had been previously.  So I
12 will leave it to the Court's determination.  I guess I would -- my
13 inclination would be to give Probation three months because I
14 would assume that they have a particular set of schedule in terms
15 of their PSR's.  But I'll leave it up to the Court's
16 determination.
17         MR. SMITH:  And, Your Honor, if I may?
18         I believe the reason why the Probation Department
19 normally needs three months to complete a PSR --
20         THE COURT:  Is outside investigation?
21         MR. SMITH:  Exactly.  And to compile the criminal history
22 records that often have to come from different jurisdictions.  So,
23 just to put the Government's position on the record, I would
24 object to a three-month continuance of the sentencing.
25         THE COURT:  What do you think is reasonable?

1  MR. SMITH: Well, I think 30 days should be enough time
2  for Mr. Schuett to be able to be interviewed.  I mean, that's the
3  only piece of the puzzle that's missing from the PSR.
4      But, for us to now continue the sentencing ad infinitum
5  until some heretofore unimaginable date in the future, the
6  Government just opposes that, especially given, to be frank with
7  you, Mr. Schuett's litigious nature.  I just -- the Government has
8  every interest to get this case adjudicated so that it can move to
9  the next phase of the process.
10     THE COURT: I understand.
11  (Attorney-client discussion.)
12     THE COURT: Realistically, how much time do you need?
13  Just ballpark it for me.
14     MS. ELWESS: Your Honor, in this case -- because there is
15  the Rule 32 and that's typically why there is the timelines in
16  place when the PSR -- but the Presentence Report is completed in
17  this case.  And we are not waiting on any additional criminal
18  history on this case.  Everything has been received.  There's
19  nothing pending.  And so the only thing that would be pending is
20  the re- -- the interview of the defendant and the additional
21  Part C, which is the defendant's criminal -- or excuse me --
22     THE COURT: Personal.
23     MS. ELWESS: -- personal history, personal and social
24  history.  And so realistically, I mean, 30 days would be more than
25  reasonable on my end.

1          MS. LEVY:  Hold on.
2      (Attorney-client discussion.)
3          MS. ELWESS:  So whatever the Court's intention would be
4  is definitely -- I can accommodate that.
5          THE COURT:  All right.  Thank you.
6          MS. LEVY:  Your Honor, and then I would just request if
7  Probation has 30 days then I'll just need to be able to have some
8  time to make the -- in the normal course of objections and all of
9  that kind of thing.  So...
10         THE COURT:  Right.
11         MS. LEVY:  That's why I had suggested the three months.
12 But the Government --
13         THE COURT:  All right.  I'm inclined to give it a 45-day
14 continuance at this point.
15         Donna, where are we 45 days out?  Puts us probably
16 beginning of April.
17         COURTROOM ADMINISTRATOR:  It is, Your Honor.  It's right
18 around the 2nd of April.
19         THE COURT:  Okay.
20         All right.  So I find good cause, then, to continue this
21 for 45 days-ish.
22         Donna, so what date does that bring us to?
23         COURTROOM ADMINISTRATOR:  Your Honor, that brings us
24 to --
25         THE COURT:  What's available?

FELICIA R. ZABIN, FCRR, RPR, CCR 478     (702) 676-1087

1  COURTROOM ADMINISTRATOR: We could go -- it looks like
2 the -- what's available would be the following Tuesday,
3 April 7th --
4  THE COURT: All right.
5  COURTROOM ADMINISTRATOR: -- at 11:00 a.m.
6  THE COURT: All right.
7  COURTROOM ADMINISTRATOR: 10:30 a.m.
8  THE COURT: 10:30.
9  COURTROOM ADMINISTRATOR: Yes.
10  THE COURT: Perfect.
11  Is there anything else on calendar that day -- or that
12 morning?
13  COURTROOM ADMINISTRATOR: There is.
14  THE COURT: After 10:30?
15  COURTROOM ADMINISTRATOR: No.
16  THE COURT: Block out for me that 10:30 to noon.
17  COURTROOM ADMINISTRATOR: To noon?
18  THE COURT: Yes.
19  COURTROOM ADMINISTRATOR: Yes, Your Honor.
20  THE COURT: All right. We will continue this for 45 days
21 so that Probation can meet with Mr. Schuett.
22  Mr. Schuett, I'm gonna ask you to please cooperate with
23 Probation since this is your request that you get the opportunity
24 to do this and I think this makes some sense. But please
25 cooperate with Probation so that they can incorporate that

FELICIA R. ZABIN, FCRR, RPR, CCR 478    (702) 676-1087

1   information.  And that'll also give your lawyer an opportunity and
2   time to file any objections and resolve any objections that she
3   has with the PSR.
4          And, Mr. Schuett, let me remind you:  You have counsel.
5   She is the one -- we have a rule in this district that when you
6   have a lawyer only your lawyer can file things for you.
7       (Attorney-client discussion.)
8          THE COURT:  And let me remind you of one other thing too.
9   Just because -- your lawyer also has professional obligations to
10  the court.  She is an officer of the court.  And it is her
11  obligation to not file things that she does not think are
12  supported by the law or the facts.  That's her obligation as a
13  professional lawyer who is licensed to practice law in front of
14  this Court.
15         So if she doesn't -- if you ask her to file something and
16  she says no, it's likely because she's a professional; she has
17  this experience; she understands what the Court will permit and
18  will not permit; and she doesn't think the Court will permit it.
19  So please don't feel -- if she doesn't file something, don't feel
20  that she's in some way adverse to you.  She just knows what the
21  rules are and she's complying with them.
22         And, secondly, it doesn't mean that you can then file
23  something.  I will continue to deny things that you file on a
24  pro se basis because they are in violation of the rule.  If you
25  have a meritorious issue to bring to the Court, it needs to come

2:14-cr-364-JAD-GWF - February 17, 2015

1  through your lawyer.
2          Does that make sense?
3          THE DEFENDANT:  Yes, ma'am.
4          THE COURT:  Okay.
5          And, also, I can't decide things by letter.  So sending
6  letters to me -- I understand you've got time on your hands and
7  there are things you want to advise me of.  But I can't -- that's
8  not the way the process works.  We have a court docket, we have a
9  filing system, and I simply don't take action through letters.
10 It's just not the way we work it here.  Okay?  I just wanted to
11 remind you of all of that.
12         THE DEFENDANT:  Yes, ma'am.  Is there -- I'll kinda tone
13 it down -- but is there any issues that I can get taken care of
14 that I can get moved out of CCA to another holding facility
15 someplace?
16         THE COURT:  I think we addressed all of that.  The only
17 other opportunity was possibly Henderson.  And I think --
18         THE DEFENDANT:  No, they --
19         THE COURT:  -- the Marshal's --
20         THE DEFENDANT:  -- killed that.
21         THE COURT:  -- office concluded that Henderson cannot
22 accommodate you.  So --
23         THE DEFENDANT:  CCA can't accommodate me either.
24         THE COURT:  I know that's your position.  And that's why
25 we were expediting things for you --

1        THE DEFENDANT:  Yeah, I know.
2        THE COURT:  -- based on your waivers previously.
3        THE DEFENDANT:  I'm fine as far as where I'm at right
4  now.
5        THE COURT:  I'm glad --
6        THE DEFENDANT:  But --
7        THE COURT:  -- to hear that.  That's good news.
8        THE DEFENDANT:  But, like I say, I would have -- I would
9  have choose to get sentenced today.  But I can't go to -- I can't
10 go to BOP with these kinda reports.
11       MS. LEVY:  Okay.
12       THE DEFENDANT:  I gotta get somethin' for programmin'.
13       THE COURT:  Okay.
14       THE DEFENDANT:  You know.  There's got to be more.
15       THE COURT:  All right.  Well, it sounds like Ms. Levy is
16 handling that.  So we will give some time.  We'll make sure that
17 you get interviewed by Probation.  Make sure you cooperate with
18 them.  And we will see you back here April 7th at 10:30 a.m.
19       Is there anything else we need to address?
20       MR. SMITH:  No, Your Honor.  Thank you very much.
21       THE COURT:  All right.
22       MS. LEVY:  Thank you, Your Honor.
23       THE COURT:  Thank you.
24    (Attorney-client discussion.)
25    (Proceedings concluded at 9:24 a.m.)

FELICIA R. ZABIN, FCRR, RPR, CCR 478    (702) 676-1087

```
―――――2:14-cr-364-JAD-GWF - February 17, 2015―――――
```

|   |   |   |
|---|---|---|
| 1 | UNITED STATES DISTRICT COURT | |
| 2 | DISTRICT OF NEVADA | |

|   |   |   |
|---|---|---|
| 4 | UNITED STATES OF AMERICA,   ) | Case No. 2:14-cr-364-JAD-GWF |
| 5 | Plaintiff,   ) | Las Vegas, Nevada |
|   | ) | February 17, 2015 |
| 6 | vs.   ) | 9:10 a.m. |
|   | ) | |
| 7 | CLIFFORD JAMES SCHUETT,   ) | IMPOSITION OF SENTENCE |
|   | ) | |
| 8 | Defendant.   ) | **CERTIFIED COPY** |

11             C E R T I F I C A T E

13     I, FELICIA RENE ZABIN, Official Court Reporter, United
14 States District Court, District of Nevada, Las Vegas, Nevada, do
15 hereby certify that pursuant to Section 753, Title 28, United
16 States Code, the foregoing is a true, complete, and correct
17 transcript of the proceedings had in connection with the
18 above-entitled matter.

20     /s/ Felicia Rene Zabin
   FELICIA RENE ZABIN, CCR No. 478
21 OFFICIAL FEDERAL REPORTER

23 Dated: July 3, 2015

FELICIA R. ZABIN, FCRR, RPR, CCR 478     (702) 676-1087